UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ARION HOLLINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:25-cv-02263-JPH-KMB |
| | ) |
| ALLEN Warden, | ) |
| KRISTIN PARTAIN, | ) |
| ABBY NP, | ) |
| MIKE BRAUN GOV., | ) |
| JOHN NWANNUNV DR., | ) |
| ROBERT E. CARTER, JR. Commisioner, | ) |
| JOHN DOE Director of Classification for | ) |
| IDOC, | ) |
| | ) |
| Defendants. | ) |

**ORDER SCREENING COMPLAINT AND DIRECTING FURTHER PROCEEDINGS**

Plaintiff Arion Hollins was a prisoner incarcerated at Pendleton Correctional Facility ("Pendleton") when he filed this civil action alleging the presence of the Legionella pathogen in the water at Pendleton.[1] Because the plaintiff is a "prisoner," this Court must screen the complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

**I. Screening Standard**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To

---

[1] Mr. Hollins is not a participant in other lawsuits that have been filed regarding alleged Legionnaire's contamination at Pendleton. *See, e.g.*, *Jackson et al. v. Holcomb et al.*, No. 1:21-cv-03120-JPH-KMB.

determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Complaint

Mr. Hollins's factual allegations are accepted as true at the pleading stage. *See Lisby v. Henderson*, 74 F.4th 470, 472 (7th Cir. 2023). The complaint names as defendants (1) Warden Allen; (2) Nurse Kristin Partain; (3) Nurse Practitioner Abby; (4) Governor Mike Braun; (5) Dr. John Nwannunu; (6) former Indiana Department of Correction ("IDOC") Commissioner Robert Carter; and (7) John Doe, IDOC Director of Classification. Mr. Hollins is seeking damages.

Mr. Hollins previously was an inmate at Pendleton but has since been released. Dkt. 10. Mr. Hollins alleges that Warden Allen is aware that the drinking and shower water at Pendleton is contaminated with Legionella bacteria. Mr. Hollins arrived at Pendleton in August 2025. Within a couple days, he was experiencing headaches, a scratchy throat, coughing, breathing

problems, chest pains, and blurry vision. Mr. Hollins requested that Nurse Partain and/or Nurse Abby test and potentially treat him for Legionnaire's Disease, but neither would agree to test him.

### III. Discussion of Claims

Applying the screening standard to the factual allegations in the complaint, certain claims are dismissed while other claims shall proceed as submitted.

First, Mr. Hollins has not alleged any personal involvement in any constitutional wrongdoing by Governor Braun, former Commissioner Carter, Dr. Nwannunu, or the IDOC Director of Classification. "[I]ndividual liability under § 1983 . . . requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation omitted). "The plaintiff must demonstrate a causal connection between (1) the sued officials and (2) the alleged misconduct." *Id.* Furthermore, to the extent Mr. Hollins is naming state officials such as Governor Braun as defendants without allegations of their personal involvement, it is tantamount to naming the State of Indiana itself as a defendant. But states and their agencies are not "persons" who can be subjected to suit under 42 U.S.C. § 1983. *See Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012). For these reasons, all claims against Governor Braun, former Commissioner Carter, Dr. Nwannunu, and the IDOC Director of Classification **are dismissed.**

An Eighth Amendment conditions of confinement claim **shall proceed** against Warden Allen. Eighth Amendment deliberate indifference claims also **shall proceed** against Nurse Partain and NP Abby.

This summary of claims includes all of the viable claims identified by the Court. All other claims have been dismissed. If the plaintiff believes that additional claims were alleged in the complaint but not identified by the Court, he shall have **through February 26, 2026,** in which to file a motion to reconsider the screening order.

### IV. Conclusion and Service of Process

The **clerk is directed** to terminate Mike Braun, John Nwannunu, Robert E. Carter, Jr., and John Doe as defendants on the docket.

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to defendants Warden Allen, Kristin Partain, and NP Abby in the manner specified by Rule 4(d). Process shall consist of the complaint filed on November 5, 2025, dkt. [1], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

Defendants Partain and Abby appear to be employees of Centurion. A copy of this Order and the process documents shall also be served on Wexford/Centurion electronically. Wexford/Centurion is ORDERED to provide the full name and last known home address of any defendant who does not waive service if they have such information. This information shall be filed ex parte.

The **clerk is directed** to serve the Indiana Department of Correction and Centurion employees electronically.

4

Nothing in this Order prohibits the filing of a proper motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

**SO ORDERED.**

Date: 1/30/2026

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Electronic service to Indiana Department of Correction:
    Warden Allen (At Pendleton Correctional Facility)

Electronic service to Centurion
    Kristin Partain
    Nurse Practitioner Abby

ARION HOLLINS
289301
6016 E. 42nd Street
Indianapolis, IN 46226

5